UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH JUNHO BAE, LYDIA YUJIN
BAE, JONATHAN SANG-OU
BAE, NATALIE HAEJIN BAE, and
TERRI SUHYUN CHUNG,

       Plaintiffs,

v.                                  CIVIL ACTION NO.: 1:20-cv-02260-EGS

DEMOCRATIC PEOPLE'S REPUBLIC
OF KOREA,
c/o Foreign Minister Ri Son-Gwon
Ministry of Foreign Affairs
Jungsong-Dong, Central District
Pyongyang, DPRK

       Defendant.
_____/

## AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT

I, J. Nixon Daniel, III, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1. I am an attorney for the plaintiffs in this action.

2. This is a lawsuit filed under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, for injuries suffered by Plaintiffs because of North Korea's unlawful acts of hostage taking, torture, and other violations of the FSIA. [ECF No. 1].

3. Plaintiffs must abide by the service requirements of 28 U.S.C. § 1608 to effectuate service on North Korea.

4. On December 21, 2020, Plaintiffs filed a Status Report and Motion to Direct the Clerk to Assist with Service of Process Under 28 U.S.C. § 1608(a)(3) Via the U.S. Postal Service or, in the Alternative, to Allow Plaintiffs to Proceed with Service Under 28 U.S.C. § 1608(a)(4). [ECF No. 15].

5. As part of that motion, Plaintiffs requested that the Court enter an Order directing the Clerk to either (1) allow Plaintiffs' counsel or other representative to transport the required documents from the Clerk's Office to and from the U.S. Post Office so as to effect service pursuant to 28 U.S.C. §1608(a)(3), or (2) direct the D.C. Clerk of Court to send this mailing via the U.S. Postal Service ("USPS") pursuant to 28 U.S.C. §1608(a)(3). Alternatively, Plaintiffs asked the Court to find that they have fully complied with 28 U.S.C. § 1608(a)(3) and authorize Plaintiffs to proceed to 28 U.S.C. § 1608(a)(4). [ECF No. 15, pp. 5–6].

6. Plaintiffs further advised that the other methods of service by mail—FedEx and DHL—are not available because FedEx does not service North Korea and DHL advised Plaintiffs' attorneys that it had suspended deliveries to North Korea for any non-UN or non-diplomatic shipments. [ECF No. 15, p. 4].

7. The Court granted that motion via Minute Order dated January 15, 2021, and directed the Clerk of Court to mail one copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by First Class Mail, to the head of the ministry of foreign affairs of the foreign state concerned, pursuant to 28 U.S.C. § 1608(a)(3).

8. On February 2, 2021, Plaintiffs filed another motion with the Court, this time asking the Court to direct the Clerk of Court to allow Plaintiff's representative to mail the service package required by 28 U.S.C. §1608(a)(3) to North Korea by physically transporting the mailing to and from the Clerk's Office and the U.S. Postal Service. [ECF No. 18].

9. On February 12, 2012, the Court granted Plaintiffs' motion and directed the Clerk's Office to allow a representative from Plaintiffs' counsel to transport materials to and

from the Post Office. The Court specified, "With the cooperation of the Clerk's Office: (i) the attorney should take the package to the Post Office after the Clerk's Office reviews and seals the package(s); and (ii) the attorney returns the stamped Receipt for Registered Mail (PS Form 3806) to the Clerk's Office for further processing."

10. Plaintiffs filed their Affidavit Requesting Foreign Mailing pursuant to 28 U.S.C. § 1608(a)(3) on February 18, 2021. [ECF No. 19].

11. On February 22, 2021, per Order of the Court, Plaintiffs' representative met with the Clerk's Office to allow the Clerk's Office to review and seal the package, which she then hand-delivered to the U.S. Post Office for mailing to Defendant.

12. Plaintiffs' representative then returned the Receipt for Registered Mail (PS Form 3806), First-Class Package International Service for mailing, tracking number UH 033637957 US, to the Clerk's Office.

13. The Clerk's Office filed a Certificate of Mailing on February 22, 2021, to certify that one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state, was sent by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to the provisions of 28 U.S.C. § 1608(a)(3). [ECF No. 20].

14. Using tracking number UH 033637957 US, Plaintiffs' counsel then tracked the service to Defendant through the U.S. Postal Service website.

15. On February 24, 2021, the package arrived at the USPS Regional Facility at Jamaica NY International Distribution Center and departed the facility that same day.

16. On February 25, 2021, the online tracking information showed that the package was released from U.S. Customs.

17. Since then, the U.S. Postal Service website has not identified the location of the package. The websitet indicates that the package has been "In-Transit" since being released from U.S. Customs.

18. On June 4, 2021, Plaintiffs' representative went in-person to a U.S. Postal Service Office in Pensacola, Florida, and was advised that there was no way to further track the package once the package cleared customs.[1] Attached as Exhibit "A" is a copy of the tracking printout provided by the U.S. Postal Service that same day.

19. Plaintiffs submit that they have complied with 28 U.S.C. § 1608(a)(3), which required Plaintiffs to "send[] a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." *Id.*

20. Because more than 30 days have passed, Plaintiffs should now be authorized to proceed pursuant to 28 U.S.C. § 1608(a)(4):

if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608.

---

[1] This information is consistent with information on the USPS website, which states that USPS will send mail to North Korea but that return receipt service is not available. *See* U.S. Postal Service Postal Explore, Country Conditions for Mailing – Korea, Democratic People's Republic of (North Korea), *available at* https://pe.usps.com/text/imm/il_015.htm.

21. However, Plaintiffs respectfully submit that service cannot be attempted pursuant to 28 U.S.C. § 1608(a)(4) because the U.S. Department of State has advised Plaintiffs' counsel that it lacks the ability to serve North Korea through any diplomatic channels. *See* Email from U.S. Department of State to S. Dobbs dated Oct. 21, 2020 (attached as Exhibit "B"); *see also* Email from U.S. Department of State to S. Dobbs dated June 26, 2020 (attached as Exhibit "C").

22. More than sixty (60) days have elapsed since the defendant in this action was served as described in paragraphs 10 thru 19 above and the defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

_____
J. Nixon Daniel, III

STATE OF FLORIDA
COUNTY OF ESCAMBIA

Sworn to and subscribed before me this 16th day of December, 2021.

SONYA D. DOBBS
Notary Public, State of Florida
My Comm. Expires February 9, 2022
Commission No. GG 171676

_____
Sonya D. Dobbs, Notary Public
My Commission Expires: Feb. 9, 2022