**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KENNETH JUNHO BAE, LYDIA YUJIN BAE, JONATHAN SANG-OU BAE, NATALIE HAEJIN BAE, and TERRI SUHYUN CHUNG,

Plaintiffs,

v. CIVIL ACTION NO.: 1:20-cv-02260

DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA,
c/o Foreign Minister Ri Son-Gwon
Ministry of Foreign Affairs
Jungsong-Dong, Central District
Pyongyang, DPRK,

Defendant.
_______________________________________/

**SECOND STATUS REPORT**

Plaintiffs, Kenneth Junho Bae, Lydia Yujin Bae, Jonathan Sang-Ou Bae, Natalie Jaejin Bae and Terri Suhyun Chung, by and through counsel, submit this status report in response to the Court's Minute Order dated June 17, 2022. Plaintiffs inform the Court that they believe they have complied with the mandates of service requirements of 28 U.S.C. § 1608 on Defendant Democratic People's Republic of Korea ("North Korea"). In further support, Plaintiffs state:

1. This is a lawsuit filed under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, for injuries suffered by Plaintiffs because of North Korea's unlawful acts of hostage taking, torture, and other violations of the FSIA. [ECF No. 1].

2. Plaintiffs must abide by the service requirements of 28 U.S.C. § 1608 to effectuate service on North Korea.

3. On December 21, 2020, Plaintiffs filed a Status Report and Motion to Direct the Clerk to Assist with Service of Process Under 28 U.S.C. § 1608(a)(3) Via the U.S. Postal Service or, in the Alternative, to Allow Plaintiffs to Proceed with Service Under 28 U.S.C. § 1608(a)(4). [ECF No. 15].

4. As part of that motion, Plaintiffs requested that the Court enter an Order directing the Clerk to either (1) allow Plaintiffs' counsel or other representative to transport the required documents from the Clerk's Office to and from the U.S. Post Office so as to effect service pursuant to 28 U.S.C. §1608(a)(3), or (2) direct the D.C. Clerk of Court to send this mailing via the U.S. Postal Service ("USPS") pursuant to 28 U.S.C. §1608(a)(3). Alternatively, Plaintiffs asked the Court to find that they have fully complied with 28 U.S.C. § 1608(a)(3) and authorize Plaintiffs to proceed to 28 U.S.C. § 1608(a)(4). [ECF No. 15, pp. 5–6].

5. Plaintiffs further advised that the other methods of service by mail—FedEx and DHL—are not available because FedEx does not service North Korea and DHL advised Plaintiffs' attorneys that it had suspended deliveries to North Korea for any non-UN or non-diplomatic shipments. [ECF No. 15, p. 4].

6. The Court granted that motion via Minute Order dated January 15, 2021, and directed the Clerk of Court to mail one copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by First Class Mail, to the head of the ministry of foreign affairs of the foreign state concerned, pursuant to 28 U.S.C. § 1608(a)(3).

7. On February 2, 2021, Plaintiffs filed another motion with the Court, this time asking the Court to direct the Clerk of Court to allow Plaintiff's representative to mail the service

package required by 28 U.S.C. §1608(a)(3) to North Korea by physically transporting the mailing to and from the Clerk's Office and the U.S. Postal Service. [ECF No. 18].

8. On February 12, 2021, the Court granted Plaintiffs' motion and directed the Clerk's Office to allow a representative from Plaintiffs' counsel to transport materials to and from the Post Office. The Court specified, "With the cooperation of the Clerk's Office: (i) the attorney should take the package to the Post Office after the Clerk's Office reviews and seals the package(s); and (ii) the attorney returns the stamped Receipt for Registered Mail (PS Form 3806) to the Clerk's Office for further processing."

9. Plaintiffs filed their Affidavit Requesting Foreign Mailing pursuant to 28 U.S.C. § 1608(a)(3) on February 18, 2021. [ECF No. 19].

10. On February 22, 2021, per Order of the Court, Plaintiffs' representative met with the Clerk's Office to allow the Clerk's Office to review and seal the package, which she then hand-delivered to the U.S. Post Office for mailing to Defendant.

11. Plaintiffs' representative then returned the Receipt for Registered Mail (PS Form 3806), First-Class Package International Service for mailing, tracking number UH 033637957 US, to the Clerk's Office.

12. The Clerk's Office filed a Certificate of Mailing on February 22, 2021, to certify that one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state, was sent by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to the provisions of 28 U.S.C. § 1608(a)(3). [ECF No. 20].

13. Using tracking number UH 033637957 US, Plaintiffs' counsel then tracked the service to Defendant through the U.S. Postal Service website.

14. On February 24, 2021, the package arrived at the USPS Regional Facility at Jamaica NY International Distribution Center and departed the facility that same day.

15. On February 25, 2021, the online tracking information showed that the package was released from U.S. Customs.

16. Since then, the U.S. Postal Service website has not identified the location of the package. The website indicates that the package has been "In-Transit" since being released from U.S. Customs.

17. On June 4, 2021, Plaintiffs' representative went in-person to a U.S. Postal Service Office in Pensacola, Florida, and was advised that there was no way to further track the package once the package cleared customs.[1] Attached as Exhibit "A" is a copy of the tracking printout provided by the U.S. Postal Service that same day.

18. Plaintiffs then filed a Motion for Default [ECF No. 22] and an Affidavit in Support of Request for Entry of Default [ECF No. 23] submitting that they had complied with 28 U.S.C. § 1608(a)(3), which required Plaintiffs to "send[] a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned" and requesting that this Court enter a default against the Defendant.

19. On January 26, 2022, this Court entered its Minute Order directing that the Plaintiffs attempt service of process on the Defendant pursuant to 28 U.S.C. Sec. 1608(a)(4).

[1] This information is consistent with information on the USPS website, which states that USPS will send mail to North Korea but that return receipt service is not available. *See* U.S. Postal Service Postal Explore, Country Conditions for Mailing – Korea, Democratic People's Republic of (North Korea), *available at* https://pe.usps.com/text/imm/il_015.htm.

20. The U.S. Department of State had advised Plaintiffs' counsel that it lacks the ability to serve North Korea through any diplomatic channels as no such diplomatic channels exist. *See* Email from U.S. Department of State to S. Dobbs dated Oct. 21, 2020 (attached as Exhibit "B"); *see also* Email from U.S. Department of State to S. Dobbs dated June 26, 2020 (attached as Exhibit "C").

21. In accordance with this Court's Order, Plaintiffs' counsel conferred with Jared N. Hess, Attorney Adviser, U.S. Department of State, regarding service pursuant to Sec. 1608(a)(4). Mr. Hess acknowledged that conversation by email dated January 26, 2022 (attached as Exhibit "D"). All of the documents necessary to accomplish service pursuant to Sec. 1608(a)(4) were provided to Mr. Hess.

22. The communications of January 26, 2022, were followed with a letter dated January 27, 2022, from Plaintiffs' counsel to Mr. Hess. (attached as Exhibit "E").

23. Subsequently, Ms. Dobbs, a paralegal in our firm, followed up with Mr. Hess by email dated March 1, 2022. Mr. Hess responded promptly indicating that the "matter is still being processed and reviewed by the Department." (see email string attached as Exhibit "F").

24. On May 10, 2022, the undersigned counsel for the Plaintiff spoke to Mr. Hess and was again advised that the matter was being reviewed by the State Department but that no diplomatic channels existed by which service of process might be accomplished on the Defendant. Mr. Hess did advise, however, that a diplomatic relationship existed between Sweden and the Defendant for humanitarian aid and interventions but not for the service of process.

25. Upon receipt of this Court's Order of June 26, 2022, counsel again discussed the matter with Mr. Hess. Mr. Hess again advised that the matter "was still being reviewed" by the

State Department and that no effort had been made to serve the Defendant through any diplomatic channel as none exists. Subsequently, Mr. Hess wrote to Plaintiffs' counsel on June 30, 2022, again advising that the State Department "continues to explore options to facilitate service of process" on the Defendant. (attached as Exhibit "G").

26. The Permanent Mission of the Democratic People's Republic of Korea is the permanent mission of North Korea to the United Nations and has been since 1991. The Mission, located at 820 Second Avenue, 13th Floor, New York, NY 10017, is represented by its Permanent Representative, currently Kim Song. While North Korea does not have an embassy to the United States, the Mission is its only form of diplomatic relations with the United States. *See* https://en.wikipedia.org/wiki/Permanent_Mission_of_North_Korea_to_the_United_Nations.

27. In response to the Court's request for a recommendation for further proceedings, the Plaintiffs propose alternatively the following:

a. That a default be entered against the Defendant in accordance with Plaintiffs' Motion for Entry of Default [ECF No. 22] and Affidavit in Support of Request for Entry of Default [ECF No. 23] as Plaintiffs have complied with the requirements of 28 U.S.C. Sec. 1608(a)(3) by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned. The fact that the Defendant has apparently refused to sign for those documents should not obviate the fact that the Plaintiffs have complied with the requirements of the sub-section; or

b. That the Department of State be directed to send to Sweden, through diplomatic channels, the documents in accordance with Sec. 1608(a)(4) and that that service be found to be in compliance with Sec. 1608(a)(4) as it is transmission of the papers “through diplomatic channels to the foreign state”; or

c. That the Department of State be directed to send to the Permanent Mission of North Korea to the United Nations, in care of its Permanent Representative, the documents in accordance with Sec. 1608(a)(4) and that that service be found to be in compliance with Sec. 1608(4) as it is transmission of the papers “through diplomatic channels to the foreign state” those diplomatic channels being the Permanent Representative of The Democratic People's Republic of Korea to the United Nations.

28. Failing the alternatives described above, the Defendant may effectively insulate itself from service of process by its refusal to acknowledge receipt of mail pursuant to (a)(3) or its lack of any acceptable diplomatic relationships pursuant to (a)(4). The Plaintiff respectfully contends that even a strict construction of Sec. 1608(a) does not permit that result.

Respectfully submitted,

*<u>/s/ J. Nixon Daniel, III</u>*
J. Nixon Daniel, III
D.C. Bar No. FL0031
jnd@beggslane.com
David L. McGee - D.C. Bar No. FL0037
dlm@beggslane.com
Matthew P. Massey - D.C Bar No. 1023608
mpm@beggslane.com
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
Attorneys for Plaintiffs