UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH JUNHO BAE, LYDIA YUJIN
BAE, JONATHAN SANG-OU
BAE, NATALIE HAEJIN BAE, and
TERRI SUHYUN CHUNG,

      Plaintiffs,

v.                                                                          CIVIL ACTION NO.: 1:20-cv-02260

DEMOCRATIC PEOPLE'S REPUBLIC
OF KOREA,
c/o Foreign Minister Ri Son-Gwon
Ministry of Foreign Affairs
Jungsong-Dong, Central District
Pyongyang, DPRK,

      Defendant.
_____/

## STATUS REPORT

Plaintiffs submit this status report in response to the Court's Minute Order dated February 27, 2023, by which the Court ordered Plaintiffs to file another status report by no later than June 12, 2023, including proposed recommendations for further proceedings.

The State Department has not yet served North Korea through any diplomatic channels. It appears to have no plans for doing so. If the Court does not find that Plaintiffs have satisfied the requirement to attempt service under 28 U.S.C. § 1608, which they have done, then North Korea will have effectively insulated itself from any liability for the heinous actions described in Plaintiffs' complaint. Such an outcome would contradict the entire purpose of the Foreign Sovereign Immunities Act and leave Plaintiffs without any remedy. Plaintiffs respectfully reiterate their request for the Court to find that they have complied with 28 U.S.C. § 1608 and allow them to prosecute this action. In further support Plaintiffs state:

1.  Plaintiffs filed this lawsuit under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, for injuries suffered by Plaintiffs because of North Korea's unlawful acts of hostage taking, torture, and other violations of the FSIA. [ECF No. 1].

2.  Because this is an FSIA case, Plaintiffs must strictly comply with the service statute, 28 U.S.C. § 1608:

> (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

*Id.*

3.  The first two methods are unavailable because there is no "special arrangement for service" between the U.S. and North Korea, *id.* § 1608(a)(1), and North Korea is not party to

an "applicable international convention on service," *id.* § 1608(a)(2). *See, e.g., Doe v. Democratic People's Republic of Korea Ministry of Foreign Affairs Jungsong-Dong*, 414 F. Supp. 3d 109, 121 (D.D.C. 2019).

4. Plaintiffs have therefore worked to strictly comply with the requirements of 28 U.S.C. § 1608(a)(3) and (4), the details of which are set forth in their prior status reports [ECF Nos. 27, 28] and incorporated herein by reference.

5. In an effort to comply with 28 U.S.C. § 1608(a)(4), Plaintiffs have stayed in contact with the State Department to ascertain any updates on service to DPRK. A letter was sent on February 28, 2023, informing them of the Court's order to file a status by June 12, 2023. **Exhibit 1**.

6. After receiving no response, Plaintiffs again contacted the State Department on March 10, 2023, requesting a response to their February 28, 2023, letter. **Exhibit 2**. The State Department responded in a letter dated March 31, 2023, stating they had no updates. **Exhibit 3**.

7. Plaintiffs sent an email to the State Department on June 8, 2023 reminding them that a status report was due to the Court on June 12, 2023 and again requesting a status update on service to DPRK. **Exhibit 4**. An email from the State Department was received on June 9, 2023, indicating that a status letter would be sent. On June 9, 2023, a Status Letter was received from the State Department.

8. The State Department's most recent status letter, dated June 9, 2023, attached as **Exhibit 5**, shows that the State Department has not taken any action and, apparently, has no immediate plans to do so. It provides:

> As of the date of this letter, we have no additional information to provide on the status of service in this case beyond our previous letters. However, should the Department be able to transmit the documents, please note that prior to transmission the Department may need to request a replacement check for a

> cashier's check that is greater than six months old. If a replacement check is required in this case, the Department will contact you at the appropriate time with how that can be accomplished. Should there be anything else that requires your attention or if there is additional information we can provide, we will contact you.

*Id.*

9. A prior letter, dated March 31, 2023, is attached as **Exhibit 6**. That letter:

> As of the date of this letter, we have no further information to provide beyond our prior letter dated June 30, 2022; however, should there be additional information that we can provide prior to June 12, 2023, we will inform you in writing.

*Id.*

10. The prior State Department letter dated June 30, 2022, was submitted to the Court [ECF No. 27-7] and is re-attached to the instant status for the Court's convenience as **Exhibit 7**.

11. That letter similarly evidences the State Department's inaction:

> As is noted on the Department of State's judicial assistance page for the DPRK, the United States and DPRK do not have any treaty relationships that provide for judicial assistance. . . . The United States does not have in place a protecting power or other arrangement that provides for another sovereign to effect service of process upon the government of the DPRK on behalf of U.S. litigants.
>
> The Department continues to explore options to facilitate the service of process on the DPRK consistent with the provisions of the Foreign Sovereign Immunities Act. We will provide information once it is available. That said, should you so request, the documents which were sent to the Department of State can be returned to you or the clerk.

*Id.*

12. Plaintiffs remain in limbo. They have done everything to satisfy the strict requirements of the statute as previously briefed before the Court.

13. Plaintiffs have no control over the fact that North Korea apparently refuses to accept service from any diplomatic partners, nor can they control whether or how the State Department can explore other diplomatic channels to effectuate service for FSIA litigants.

4

14. However, as previously addressed in Plaintiffs' most recent filing [ECF No. 28], actual service is not required. The service requirements of 28 U.S.C. § 1608 only require that Plaintiffs strictly comply with each of those steps before the Court may authorize prosecution.

15. Plaintiffs previously cited the other cases whereby the Court has found that FSIA claimants satisfied service requirements where defendants otherwise insulate themselves from actual service. *See, e.g., Winternitz v. Syrian Arab Republic*, No. CV 17-2104 (TJK), 2022 WL 971328, at *8 (D.D.C. Mar. 31, 2022); *Sotloff v. Syrian Arab Republic*, 525 F. Supp. 3d 121, 141 (D.D.C. 2021); *Force v. Islamic Republic of Iran*, 464 F. Supp. 3d 323, 371 (D.D.C. 2020); *Hamen v. Islamic Republic of Iran*, 401 F. Supp. 3d 85, 108 (D.D.C. 2019); *Barry v. Islamic Republic of Iran,* 410 F. Supp. 3d 161, 176 (D.D.C. 2019); *Hekmati v. Islamic Republic of Iran*, 278 F. Supp. 3d 145, 156 (D.D.C. 2017); *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39 (D.D.C. 2008); *Jackson v. People's Republic of China*, 550 F. Supp. 869, 873 (N.D. Ala. 1982).

16. Congress never wrote the Foreign Sovereign Immunities Act to require actual service on a state sponsor of terrorism—a requirement for actual service is not found in 28 U.S.C. § 1608. Rather, Congress requires through the statute that Plaintiffs diligently follow and comply with every step required under the statute.

17. Plaintiffs have done that. North Korea should not be allowed to escape liability for the harms addressed in this lawsuit by burying its head in the sand. If Congress intended for such an outcome to be possible, then the statute would require actual service rather than compliance with the statute.

18. Plaintiffs can take no further action to comply with the statute. They have done everything possible.

19. If Plaintiffs cannot proceed, this case will represent the most egregious example of this Court's concerns about the roadblocks that Americans face when attempting to seek justice under the FSIA.

20. To prevent such injustice, the Plaintiffs propose the following:

   a. That a default be entered against the Defendant in accordance with Plaintiffs' Motion for Entry of Default [ECF No. 22] and Affidavit in Support of Request for Entry of Default [ECF No. 23] as Plaintiffs have complied with the requirements of 28 U.S.C. Sec. 1608(a)(3) by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.  The fact that the Defendant has apparently refused to sign for those documents should not obviate the fact that the Plaintiffs have complied with the requirements of the sub-section; or

   b. That the Department of State be directed to send to Sweden, through diplomatic channels, the documents in accordance with Sec. 1608(a)(4) and that that service be found to be in compliance with Sec. 1608(a)(4) as it is transmission of the papers "through diplomatic channels to the foreign state"; or

   c. That the Department of State be directed to send to the Permanent Mission of North Korea to the United Nations, in care of its Permanent Representative, the documents in accordance with Sec. 1608(a)(4) and that that service be found to be in compliance with Sec. 1608(4) as it is transmission of the papers "through diplomatic channels to the foreign state" those diplomatic channels being the

Permanent Representative of The Democratic People's Republic of Korea to the United Nations.

Respectfully submitted,

*/s/ J. Nixon Daniel, III*
J. Nixon Daniel, III
D.C. Bar No. FL0031
jnd@beggslane.com
David L. McGee - D.C. Bar No. FL0037
dlm@beggslane.com
Matthew P. Massey - D.C Bar No. 1023608
mpm@beggslane.com
Beggs & Lane, RLLP
501 Commendencia Street -
Pensacola, FL 32502
(850) 432-2451
Attorneys for Plaintiffs
